**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BELINDA WHEELER, individually and on behalf of
all others similarly situated,

                                   Plaintiff,

            -against-

THE TOPPS COMPANY, INC.,

                                Defendant.

Index No. 1:22-cv-02264

**THE TOPPS COMPANY, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................... 1

BACKGROUND ........................................................................................................... 4

ARGUMENT ................................................................................................................ 7

I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER NYGBL SECTIONS 349
     AND 350 ............................................................................................................... 7

     A.   Plaintiff Fails to Allege a Sufficient Nexus to New York ....................... 7

     B.   Plaintiff Fails to Show that Topps' Packaging is Misleading to a Reasonable
          Consumer ................................................................................................. 9

     C.   Plaintiff Fails to Sufficiently Plead an Injury ....................................... 10

II.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF WARRANTY ............. 12

     A.   Plaintiff Fails to State a Claim for Breach of Express Warranty .......................... 12

          1.   Plaintiff failed to provide the pre-suit notice necessary to sustain a
               claim for breach of express warranty ........................................... 12

          2.   Plaintiff has not stated a substantive claim for breach of an express
               warranty ...................................................................................... 14

     B.   Plaintiff Fails to State a Claim for Breach of the Implied Warranty of
          Merchantability ....................................................................................... 15

          1.   Plaintiff failed to provide the pre-suit notice necessary to sustain a
               claim for breach of the implied warranty of merchantability ................... 15

          2.   Plaintiff has not stated a substantive claim for breach of the implied
               warranty of merchantability ........................................................ 15

     C.   Plaintiff Fails to State a Claim for Breach of the MMWA ................................... 16

III. PLAINTIFF'S COMMON LAW CLAIMS SHOULD ALSO BE DISMISSED ............. 17

     A.   Plaintiff Fails to Allege a Special Relationship Sufficient to Sustain a
          Negligent Misrepresentation Claim ........................................................ 17

     B.   The Fraud Claim Is Not Pleaded with Particularity as Required by Rule 9(B) .... 18

     C.   The Unjust Enrichment Claim Is Duplicative and Should Be Dismissed ........... 20

IV.   The FAC Should Be Dismissed with Prejudice as Plaintiff Already Had an
      Opportunity to Amend .............................................................................................21

CONCLUSION.............................................................................................................. 22

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Anschutz Corp. v. Merrill Lynch & Co.*,
   690 F.3d 98 (2d Cir. 2012) ...................................................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...............................................................................................7

*Barreto v. Westbrae Nat., Inc.*,
   518 F. Supp. 3d 795 (S.D.N.Y. 2021) ...................................................3, 14, 15, 16

*Bynum v. Fam. Dollar Stores, Inc.*,
   2022 WL 837089 (S.D.N.Y. Mar. 21, 2022)................................................ *passim*

*Colella v. Atkins Nutritionals, Inc.*,
   348 F. Supp. 3d 120 (E.D.N.Y. 2018) ...................................................................13

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777 (2012)...........................................................................................20

*Cosgrove v. Or. Chai, Inc.*,
   520 F. Supp. 3d 562 (S.D.N.Y. 2021) ...................................................................16

*Cruz v. Fxdirectdealer, LLC*,
   720 F.3d 115 (2d Cir. 2013) ...............................................................................8, 9

*Dashnau v. Unilever Mfg. (US), Inc.*,
   529 F. Supp. 3d 235 (S.D.N.Y. 2021) ........................................................9, 15, 19

*Derbaremdiker v. Applebee's Int'l, Inc.*,
   2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) .......................................................10

*Diaz v. Paragon Motors of Woodside, Inc.*,
   424 F. Supp. 2d 519 (E.D.N.Y. 2006) ...................................................................16

*Duran v. Henkel of Am., Inc.*,
   450 F. Supp. 3d 337 (S.D.N.Y. 2020) ...................................................................10

*Dwyer v. Allbirds, Inc.*,
   2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022) .............................................. *passim*

*Fin. Guar. Ins. Co. v. Putnam Advisory Co.*,
   783 F.3d 395 (2d Cir. 2015) .................................................................................18

*Garcia v. Chrysler Gr. LLC*,
　　127 F. Supp. 3d 212 (S.D.N.Y. 2015) ..........................................................16

*Gavilanes v. Gerber Prods. Co.*,
　　2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) ..........................................13

*Gordon v. Target Corp.*,
　　2022 WL 836773 (S.D.N.Y. Mar. 18, 2022).............................................17

*Goshen v. Mut. Life Ins. Co.*,
　　98 N.Y.2d 314 (N.Y. 2002)...............................................................8, 9

*Grossman v. Simply Nourish Pet Food Co. LLC*,
　　516 F. Supp. 3d 261 (E.D.N.Y. 2021) ....................................................21

*Harris v. Mills*,
　　572 F.3d 66 (2d Cir. 2009) .................................................................7

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*,
　　172 A.D.3d 405 (1st Dep't 2019)....................................................11, 12

*Horowitz v. Stryker Corp.*,
　　613 F. Supp. 2d 271 (E.D.N.Y. 2009) ...................................................16

*Hubbard v. Gen. Motors Corp.*,
　　1996 WL 274018 (S.D.N.Y. May 22, 1996) ............................................15

*Izquierdo v. Mondelez Int'l, Inc.*,
　　2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)...........................................17

*Lugones v. Pete & Gerry's Organic, LLC*,
　　440 F. Supp. 3d 226 (S.D.N.Y. 2020) ...................................................12

*Mazella v. Coca-Cola Co.*,
　　548 F. Supp. 3d 349 (S.D.N.Y. 2021) ...............................................15, 16

*Medisim Ltd. v. BestMed LLC*,
　　910 F. Supp. 2d 591 (S.D.N.Y. 2012) ....................................................11

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
　　898 F.3d 243 (2d Cir. 2018) ..............................................................21

*Neri v. R.J. Reynolds Tobacco Co.*,
　　2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000)..........................................13

*NetJets Aviation, Inc. v. LHC Commc'ns, LLC*,
   537 F.3d 168 (2d Cir. 2008) .......................................................................................20

*Pentair Water Treatment Co. v. Continental Ins. Co.*,
   2009 WL 1119409 (S.D.N.Y. Apr. 21, 2009) ......................................................8, 9

*Reynolds v. Lifewatch, Inc.*,
   136 F. Supp. 3d 503 (S.D.N.Y. 2015) .....................................................................20

*Ruotolo v. City of N.Y.*,
   514 F.3d 184 (2d Cir. 2008) .......................................................................................21

*Samuelson v. Union Carbide Corp.*,
   1986 WL 1442 (S.D.N.Y. Jan. 29, 1986) ............................................................2, 9

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*,
   642 F. Supp. 2d 167 (S.D.N.Y. 2009) ....................................................................8, 9

*Singleton v. Fifth Generation, Inc.*,
   2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ..........................................................12

*Tung v. Bristol-Myers Squibb Co.*,
   412 F. Supp. 3d 453 (S.D.N.Y. 2019) ......................................................................7

*Turk v. Rubbermaid Inc.*,
   2022 WL 836894 (S.D.N.Y. Mar. 21, 2022)................................................... *passim*

*Turnipseed v. Simply Orange Juice Co.*,
   2022 WL 657413 (S.D.N.Y. Mar. 4, 2022)............................................................18

*Twohig v. Shop-Rite Supermarkets, Inc.*,
   519 F. Supp. 3d 154 (S.D.N.Y. 2021) ............................................................ *passim*

*Weaver v. Chrysler Corp.*,
   172 F.R.D. 96 (S.D.N.Y. 1997)................................................................................18

*Wedra v. Cree, Inc.*,
   2020 WL 1322887 (S.D.N.Y. Mar. 20, 2020)........................................................21

*Winston v. Hershey Co.*,
   2020 WL 8025385 (E.D.N.Y. Oct. 26, 2020) .........................................................19

*Worldhomecenter.com, Inc. v. KWC Am., Inc.*,
   2011 WL 4352390 (S.D.N.Y. Sept. 15, 2011) .......................................................12

*Wright v. Publrs. Clearing House, Inc.*,
    439 F. Supp. 3d 102 (E.D.N.Y. 2020) ................................................................. 2, 8

*Wynn v. Topco Assocs., LLC*,
    2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ................................................ 14, 16, 18

*Zachmann v. Coleman Co.*,
    2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) ............................................... *passim*

## Statutes

N.Y. Gen. Bus. Law § 349 ............................................................................................. 7

N.Y. Gen. Bus. Law § 350 ............................................................................................. 7

N.Y. Gen. Bus. Law § 369-e .......................................................................................... 12

N.Y. U.C.C. § 2-607 ...................................................................................................... 12

N.Y. U.C.C. § 2-314 ...................................................................................................... 15

## Rules

Fed. R. Civ. P. 9(b) .................................................................................................... 3, 18

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 7, 22

Defendant The Topps Company, Inc. ("Topps") submits this memorandum of law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in support of its motion to dismiss the First Amended Class Action Complaint ("FAC") [ECF No. 16].

## PRELIMINARY STATEMENT

Plaintiff's lawsuit is the latest iteration in a long line of meritless mislabeling cases brought in the Second Circuit, forty-five of which have been dismissed at the pleading stage in the past two years alone. *See* Exhibit 1. Most recently, Judge Vyskocil in *Bynum v. Family Dollar Stores, Inc.*, 2022 WL 837089 (S.D.N.Y. Mar. 21, 2022), Judge Karas in *Turk v. Rubbermaid Inc.*, 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022), and Judge Seibel in *Dwyer v. Allbirds, Inc.*, 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022) dismissed at the pleading stage mislabeling cases alleging the same causes of action as are asserted here for substantially the same reasons as set forth below. Like those cases, the factual allegations here are deficient and do not support the causes of action. Therefore, dismissal here is also warranted.

Plaintiff's claims concern "trading cards offering entry into 'No Purchase Necessary' ('NPN') contests under the Topps brand (the 'Product')."[1] FAC ¶ 1. In her complaint, Plaintiff alleges that she was misled to believe that she had to purchase a pack of Topps' trading cards in order to enter the NPN contests, even though she *admits* that the box and the packs containing the Product stated in all caps: "NO PURCHASE NECESSARY." Plaintiff also complains that certain Topps' products were released with expired contest dates, although she does not allege that she ever bought a pack of cards with an expired contest date, or that she tried to enter a contest after the contest deadline expired. As explained below, even accepting Plaintiff's allegations as true, she has failed to state a claim upon which relief may be granted.

---

[1] Topps adopts Plaintiff's definition of "Product" solely for purposes of this motion.

Like the mislabeling complaints in the forty-five dismissed cases listed in Exhibit 1, the FAC asserts the same five causes of action concerning Topps' no purchase necessary contest labels: (1) violation of sections 349 and 350 of New York General Business Law ("NYGBL"); (2) breach of express warranty, breach of implied warranty of merchantability, and violation of the Magnuson-Moss Warranty Act ("MMWA"); (3) negligent misrepresentation; (4) fraud; and (5) unjust enrichment. And, just like those forty-five cases, the FAC is replete with the same deficiencies that led to their dismissal by courts in this Circuit at the pleading stage. For the same reasons, each cause of action in the FAC should also be dismissed.[2]

**NYGBL Claims.** *First*, Plaintiff fails to plead that she purchased any Products in New York. This alone mandates dismissal for lack of a sufficient New York nexus. *See Wright v. Publrs. Clearing House, Inc.*, 439 F. Supp. 3d 102, 110 (E.D.N.Y. 2020) ("[S]ome part of the underlying transaction [must] occur[] in New York State" for NYGBL §§ 349-350 to apply) (citation omitted). *Second*, contrary to Plaintiff's allegations that she was misled, no reasonable consumer could be misled by labels that prominently disclose that no purchase was necessary. As another court in this District ruled, "any reasonable reader would understand that the statement [no purchase necessary] meant only that one need not buy anything from the party making the contest offer in order to enter the contest." *Samuelson v. Union Carbide Corp.*, 1986 WL 1442, at *2 (S.D.N.Y. Jan. 29, 1986). *Third*, Plaintiff fails to adequately plead causation and injury. Her bare-bones allegations do not specify the products she purchased or whether she purchased products with allegedly expired contest deadlines. Thus, she has not sufficiently pleaded causation and injury. *Turk*, 2022 WL 836894, at *9 (conclusory allegations that a plaintiff merely "relied on representations on the

---

[2] All forty-five cases in Exhibit 1 asserted causes of action for NYGBL violations, warranty breaches, negligent misrepresentation, fraud, and unjust enrichment, and were dismissed at the pleading stage. Two cases were dismissed on standing or subject matter jurisdiction grounds.

Product" are inadequate to plead causation and injury).

**Breach of Warranty Claims.** Plaintiff failed to provide Topps with pre-litigation notice, and such notice is a threshold requirement to bring breach of warranty claims. *See, e.g.*, *Dwyer*, 2022 WL 1136799, at *9-10 (dismissing express warranty claims due to the failure to provide pre-suit notice); *Bynum*, 2022 WL 837089, at *6-7 (same for implied warranty of merchantability claims). Beyond this critical procedural flaw, Plaintiff has not stated a claim for breach of an express warranty or any implied warranty because she fails to allege that the Products are not fit for their ordinary purpose – to be trading cards. *See, e.g.*, *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 807 (S.D.N.Y. 2021) (dismissing claims on similar grounds). As for the MMWA claim, because it rises or falls with her breach of warranty claims, Plaintiff's MMWA claim here also fails. *See Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 167 n.8 (S.D.N.Y. 2021).

**Negligent Misrepresentation.** Plaintiff fails to state a claim for negligent misrepresentation because she fails to allege a special relationship with Topps as required under New York law. *See*, *e.g.*, *Bynum*, 2022 WL 837089, at *5-6 (dismissing claim for failure to allege special relationship); *Turk*, 2022 WL 836894, at *12-13 (same).

**Fraud.** Plaintiff's conclusory allegations of fraud fail to satisfy the heightened pleading and specificity requirements under Rule 9(b) and should be dismissed. *See Turk*, 2022 WL 836894, at *13-14 (dismissing a similar pleading of fraud in a mislabeling case).

**Unjust Enrichment.** Plaintiff fails to state a claim for unjust enrichment because it is merely duplicative of her other claims. *See*, *e.g.*, *Twohig*, 519 F. Supp. 3d at 168 (dismissing similar unjust enrichment claims as duplicative).[3]

---

[3] Plaintiff previously withdrew her claim for injunctive relief. *See* ECF No. 24 at 1 n.1 ("Plaintiff respectfully withdraws her claim for injunctive relief.").

**Plaintiff Should Not Be Permitted an Additional Amendment to the FAC.** Plaintiff had the opportunity to amend her complaint in response to Topps' first pre-motion to dismiss letter, but the FAC still failed to cure the initial complaint's deficiencies. This is not surprising since the deficiencies discussed below are not curable, making any further amendments futile. *See Dwyer*, 2022 WL 1136799, at *11-12 (denying leave to amend sua sponte, stating that "a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend"). For these reasons, Plaintiff's FAC should be dismissed in its entirety with prejudice.

## BACKGROUND

For over 70 years, Topps has been a global leader in sports and entertainment trading cards and other types of collectibles. As stated above, Plaintiff's claims concern "trading cards offering entry into 'No Purchase Necessary' ('NPN') contests under the Topps brand." FAC ¶ 1. Plaintiff alleges that the "NPN contests are a way for consumers to submit an entry to obtain the chance to win a randomly selected card without having to purchase the expensive card packs." *Id*. ¶ 10.

**Allegations concerning the label**. While Plaintiff does not allege that she purchased the 2022 Topps Baseball Series trading cards ("2022 Baseball Series"), she claims that its box contained a misleading statement. This is the only Product that she claims contains a misleading label. In fact, Plaintiff admits that instructions to participate in NPN contests are included on certain boxes of the Product. *Id*. ¶ 19 ("Where the Products print NPN instructions on the box . . . .").

With respect to the 2022 Baseball Series, Plaintiff acknowledges that "the front of the box states 'NO PURCHASE NECESSARY. SEE PACK FOR DETAILS.'" *Id*. ¶ 14 (emphasis in original). She admits that the wrapper of an individual pack of the 2022 Baseball Series contains the NPN instructions. *Id*. ¶¶ 15-16.

4

Plaintiff does not allege, however, that she purchased the 2022 Baseball Series trading cards in a sealed box or that the box pictured in the FAC was sealed at the time of purchase. Indeed, she admits that the Products are sold in individual packs, not just in boxes. *Id*. ¶ 33 ("the Products are sold at a premium price, approximately no less than no less than [sic] $20 per box and *$8 per pack*") (emphasis added).

Plaintiff also complains about certain of the NPN terms. Again, although she does not allege that she purchased the 2021 Bowman Platinum Baseball Cards ("2021 Bowman Cards"), Plaintiff claims the contest's deadline expired before the Product's release. *Id*. ¶¶ 21-22. However, Plaintiff does not claim that the deadline for the contest was not disclosed on the Product's package.

**Plaintiff's purchases**. Plaintiff alleges that she purchased some unspecified "Products" "on one or more occasions . . . at stores including Walmart, Target, [Topps'] website, and card stores, at locations including *within the Washington Metropolitan Area and elsewhere on the East Coast*." *Id*. ¶ 49 (emphasis added). Notably, her allegations are vague because:

(i)     She does not allege that she purchased any Products in New York;

(ii)    She does not provide a list of Products that she purchased;

(iii)   She does not provide any details about the specific Products or labels of the Products she allegedly purchased; and

(iv)    She does not allege that she purchased any Products for which the NPN instructions were not accessible before purchase.

Tellingly, she does not allege that she purchased the 2022 Baseball Series, which is the only Product she alleges contains a misleading label. *Id*. ¶¶ 13-17. And she does not allege that she purchased the 2021 Bowman Cards, which is the only Product she alleges had an NPN contest with an expired deadline. *Id*. ¶¶ 21-22.

5

**Warranty allegations**. Plaintiff does not allege that she notified Topps of any purported warranty breach before bringing this action. Instead, she merely alleges that Topps "received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums" (*id.* ¶ 87), and that she "hereby provides notice" to Topps through the FAC. *Id.* ¶¶ 85-86. Plaintiff alleges that Topps "expressly and impliedly warranted to Plaintiff and class members that purchasing the Products was the only way to learn of the alternative methods of entry to the NPN contests." *Id.* ¶ 76; *see also id.* ¶¶ 80-81, 89, 91. However, Plaintiff admits that the Product's label states the opposite, namely "NO PURCHASE NECESSARY." *Id.* ¶ 14. Plaintiff further admits that Topps advertised and marketed the opportunity to win valuable cards "without having to purchase the expensive Products." *Id.* ¶ 78.

**Negligent misrepresentation allegations**. Plaintiff alleges that Topps' representations "incorporated the extra-labeling promises and commitments to quality, honesty, fairness, transparency and putting customers first, that is has been known for" (*id.* ¶ 96), and that Topps held "itself out as having special knowledge and experience" in the trading card business. *Id.* ¶ 95. She does not allege that Topps had a special relationship with her greater than that of an ordinary buyer and seller.

**Fraud allegations**. Plaintiff claims, "Defendant knew of the issues described here yet did not address them," and "Defendant's fraudulent intent is evinced by its knowledge that the Products and NPN contests were not consistent with its representations and contrary to law." *Id.* ¶¶ 104-05. Yet, Plaintiff does not allege the necessary who, what, where, or when Topps, or which of Topps' employees, supposedly committed fraud.

**Unjust enrichment allegations**. Finally, Plaintiff alleges in a single sentence that Topps was unjustly enriched because it "obtained benefits and monies because the Product and NPN contests were not fair, nor represented truthfully and in compliance with what the law required." *Id.* ¶ 106. This merely repeats the basis of Plaintiff's other claims.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true the "well-pleaded factual allegations of the complaint," *Tung v. Bristol-Myers Squibb Co.*, 412 F. Supp. 3d 453, 458 (S.D.N.Y. 2019), "that 'tenet' 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER NYGBL SECTIONS 349 AND 350

### A.   Plaintiff Fails to Allege a Sufficient Nexus to New York

Plaintiff fails to allege a sufficient nexus to New York to sustain her NYGBL claim. NYGBL section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*." N.Y. Gen. Bus. Law § 349(a) (emphasis added). NYGBL section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service *in this state*." *Id.* § 350 (emphasis added).

Under Second Circuit law, there are only two ways to meet the "in this state" requirement of NYGBL sections 349 and 350: (1) "some part of" the transaction must actually occur in New

York (the transactional test); or (2) a plaintiff must "actually view a deceptive statement while in New York" (the territorial test). *Cruz v. Fxdirectdealer, LLC*, 720 F.3d 115, 123-24 (2d Cir. 2013) (explaining that two tests emerged in New York jurisprudence after *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 321 (N.Y. 2002)). Under either test, allegations that a scheme was formed in New York or that a company's principal place of business is in New York cannot establish the required nexus to New York. *See, e.g.*, *Pentair Water Treatment Co. v. Continental Ins. Co.*, 2009 WL 1119409, at *4 (S.D.N.Y. Apr. 21, 2009) ("New York law is clear that the fact that [defendant's] principal place of business is in New York is not sufficient to render GBL § 349 applicable."); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 203 n.19 (S.D.N.Y. 2009) ("It is not sufficient that a marketing plan originates in New York if the consumer deception occurs elsewhere."); *Wright*, 439 F. Supp. 3d at 110 ("allegations . . . that the Defendants hatched the deceptive scheme in New York . . . are merely clever re-articulations of the allegation that the Defendants operate their principal place of business in New York," which is an insufficient nexus).

Here, Plaintiff fails to allege conduct that satisfies either the "transactional" or "territorial" test. She only alleges that she purchased trading cards "within the Washington Metropolitan Area and elsewhere on the East Coast between 2021 and 2022," that Topps' principal place of business is in New York, and that the decision for the packaging was made in New York. FAC ¶¶ 41, 43, 49. Plaintiff's failure to specifically allege that she entered into a New York-based transaction with Topps or that she viewed any alleged deception on Topps' packaging while in New York dooms her NYGBL claims. *See Goshen*, 98 N.Y.2d at 321. Her vague allegations concerning the "East Coast" and allegations regarding Topps' location in New York are exactly the type of deficient allegations regarding a New York nexus rejected by other courts. *See, e.g.*, *Pentair*, 2009 WL 1119409, at *4; *SimplexGrinnell*, 642 F. Supp. 2d at 203 n.19; *Zachmann v. Coleman Co.*, 2022

WL 161480, at *3 (S.D.N.Y. Jan. 18, 2022). Moreover, Plaintiff's argument, set forth in her pre-motion response letter, that allegations that a company's principal place of business is in New York, or that a defendant developed a scheme in New York, are sufficient under *Cruz*, which applies *Goshen*, is flatly wrong. *See* ECF No. 24 at 2. To the contrary, courts applying *Cruz* and *Goshen*, including *Pentair*, *SimplexGrinnell*, and *Zachmann*, found these allegations insufficient to establish a New York nexus and dismissed those complaints for that reason.

### B.    Plaintiff Fails to Show that Topps' Packaging is Misleading to a Reasonable Consumer

Plaintiff's NYGBL claims should also be dismissed because she fails to show that Topps' packaging is misleading to a reasonable consumer. To prove that conduct is materially misleading to a reasonable consumer under the NYGBL, a plaintiff must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled." *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 241 (S.D.N.Y. 2021) (citation omitted). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Id.* (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)). In "determining whether a reasonable consumer would be misled[,] the Court must consider the entire context of the package." *Turk*, 2022 WL 836894, at *7 (alteration in original).

In this case, Plaintiff claims that she thought she had to purchase the Products to enter the NPN contests, but she *admits* that Topps' packaging states, "NO PURCHASE NECESSARY" in capital letters on the label. FAC ¶¶ 1, 14. Her position is unreasonable. Indeed, one court in this District has already held that the phrase "no purchase necessary" could not mislead a reasonable consumer to believe that purchase was necessary to enter sweepstakes in connection with an NYGBL section 349 claim. *See Samuelson*, 1986 WL 1442, at *2. In *Samuelson*, a plaintiff

purchased packs of batteries that offered entry into sweepstakes. *Id.* at \*1. And much like Topps' packaging, the packaging for the batteries contained the phrase "NO PURCHASE NECESSARY" on both the front and back of the packaging. *Id.* The court held that "[a]ny reasonable reader would understand that the statement [no purchase necessary] meant only that one need not buy anything from the party making the contest offer in order to enter the contest." *Id.* at \*2; *see also Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057, at \*5 (E.D.N.Y. Sept. 26, 2012) (finding that a receipt which "explicitly stated '[n]o purchase necessary' . . . specifically advised consumers" that non-purchasers could enter a sweepstakes).

Plaintiff's complaint concerning her alleged inability to access the NPN instructions fails based on the admissions in the FAC. First, she admits that some boxes containing the individual packs of trading cards do include instructions for how to participate in an NPN contest. FAC ¶ 19. Second, she admits that the Product is sold in individual packs of trading cards (*id.* ¶ 33), and that in all cases, the wrappers for the individual packs contain the NPN instructions. *Id.* ¶ 16. Therefore, Plaintiff's allegations regarding the failure to disclose NPN instructions are not only threadbare, but also disproved by her own admissions in the FAC.

Furthermore, Plaintiff's claim that the label for the 2021 Bowman Cards was misleading because the contest had allegedly expired likewise fails to state a claim upon which relief can be granted because Plaintiff does not allege that the contest's end date was omitted from the label or that the label was otherwise misleading.

### C.    Plaintiff Fails to Sufficiently Plead an Injury

Plaintiff fails to plead injury under NYGBL sections 349 and 350. Under NYGBL sections 349 and 350, a plaintiff pleads "injury by alleging 'an overpayment, or a price premium, whereby a plaintiff pays more than she would have but for the deceptive practice.'" *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 350 (S.D.N.Y. 2020). Here, Plaintiff attempts to plead that she paid a

price premium, or an overpayment, as a result of Topps' allegedly deceptive Product labels. *See* FAC ¶¶ 27, 32. To allege an injury under a price premium theory, "a plaintiff must allege not only that [the] defendants charged a price premium, but also that there is a connection between the misrepresentation and any harm from, or failure of, the product." *Turk*, 2022 WL 836894, at *8. Plaintiff must also plead reliance on the allegedly false label. *Id*; *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 607 (S.D.N.Y. 2012) (to adequately plead NYGBL claim on a price premium theory, "[a] plaintiff must also demonstrate reliance, which typically means that 'the plaintiff must point to [a] specific advertisement or public pronouncement' upon which [the consumer] relied.").[4] Conclusory allegations that a plaintiff merely "relied on representations on the Product[s]" do not sufficiently plead a causal connection. *Turk*, 2022 WL 836894, at *9; *Zachmann*, 2022 WL 161480, at *4 (stating that similar allegations were "conclusory" and finding that they "cannot be credited"); *see also Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 172 A.D.3d 405, 406 (1st Dep't 2019) (citing *Gale v. Int'l Bus. Machines Corp.*, 9 A.D.3d 446, 447 (2d Dep't 2004)) (affirming the dismissal of NYGBL claims because "the complaint fails to allege that the [plaintiffs] ever saw the allegedly deceptive representations that purportedly harmed them").

Plaintiff's pleading falls short of these requirements. As an initial matter, she does not allege (i) that she purchased specific Products; (ii) that she actually saw, or was aware, of any statement on the Products' labels before making any purchase or alleged overpayment for the Products; (iii) that she purchased any Product for which the NPN instructions were not accessible before purchase; or (iv) that she purchased any Product with an expired NPN deadline. Plaintiff merely claims that she purchased unspecific "Products" and that she "relied on the words, terms

---

[4] Plaintiff's contention that "in an action based upon the [NYGBL], a plaintiff need not plead or allege reliance," *see* ECF No. 24 at 2, is plainly wrong as demonstrated by *Turk* and *Medisim Ltd.*

coloring, descriptions, layout, packaging, tags, and/or images on the Products and its inconspicuous disclosures regarding the NPN contests." FAC ¶ 53. That is insufficient to establish causation or reliance.

Courts routinely dismiss NYGBL claims where, as here, the plaintiff fails to allege the specific product she purchased or the specific deceptive representation she relied on. Thus, these vague allegations should result in Plaintiff's NYGBL claims being dismissed. *See Zachmann*, 2022 WL 161480, at *4 (dismissing NYGBL claims that merely alleged that the plaintiff purchased a group of products "in reliance on the representations" but failed to identify which specific products or which particular labels were misleading); *see also Matthew Bender & Co*., 172 A.D.3d at 406 (affirming the dismissal of a NYGBL section 349 claim where "the complaint fail[ed] to allege that the [plaintiffs] ever saw the allegedly deceptive representations that purportedly harmed them.").[5]

## II.    PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF WARRANTY

### A.    Plaintiff Fails to State a Claim for Breach of Express Warranty

#### 1.    *Plaintiff failed to provide the pre-suit notice necessary to sustain a claim for breach of express warranty*

To state a claim for breach of express warranty under New York law, a buyer must provide a seller with timely notice of an alleged breach. N.Y. U.C.C. § 2-607(3)(a); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244-45 (S.D.N.Y. 2020); *see also Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("The purpose of the notice

---

[5] Plaintiff alleges that Topps violated NYGBL section 369-e(2) for failing to ensure that retail establishments where the Products are sold prominently displayed notices "regarding the minimum number and value of prizes available to be won" and the "the rules and regulations for its NPN contests." FAC ¶ 25. NYGBL section 369-e(2), however, does not provide a private right of action. *See* N.Y. Gen. Bus. Law § 369-e(8) ("An action for violation of this section may be instituted by the attorney general in the name of the people of the state of New York."); *Worldhomecenter.com, Inc. v. KWC Am., Inc.*, 2011 WL 4352390, at *8 (S.D.N.Y. Sept. 15, 2011) ("implying a private right of action would be inconsistent with this legislative scheme" under section 369-a because section 369-e "only envisions enforcement by the New York Attorney General, and does not refer to enforcement by private citizens").

is to advise the seller that he must meet a claim for damages, as to which, rightly or wrongly, the law requires that he shall have early warning.") (quoting *Am. Mfg. Co. v. U.S. Shipping Bd. Emergency Corp.*, 7 F.2d 565, 566 (2d Cir. 1925) (Learned Hand, J.)). Plaintiff's allegations that she "provided or will provide notice" and "hereby provides notice" (FAC ¶¶ 85-86), or that Topps "received notice and should have been aware of these issues" from third-party sources (*id.* ¶ 87), fail because they do not allege that Topps actually received timely notice of Plaintiff's specific claims. Other courts in this District have recently dismissed express warranty claims premised on nearly identical insufficient allegations. *See, e.g.*, *Bynum*, 2022 WL 837089, at *6 (dismissing express warranty claim with prejudice where complaint alleged that plaintiff "provided or will provide notice" and "Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers"); *Dwyer*, 2022 WL 1136799, at *9-10 (same); *Turk*, 2022 WL 836894, at *9-10 (same).

There is no exception to this rule that would apply to trading cards. Plaintiff's reliance on a "retail exception" in her pre-motion letter (ECF No. 24 at 3) fails because that exception is limited to "goods sold for human consumption" – which trading cards are not. *Neri v. R.J. Reynolds Tobacco Co.*, 2000 WL 33911224, at *19-20 (N.D.N.Y. Sept. 28, 2000) (cigarettes); *Gavilanes v. Gerber Prods. Co.*, 2021 WL 5052896, at *6-7 (E.D.N.Y. Nov. 1, 2021) (drinks for toddlers). Additionally, the "retail exception" is "exclusively applied where a party alleges physical, in addition to economic, injury." *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143-44 (E.D.N.Y. 2018) (collecting cases); *see also Turk*, 2022 WL 836894, at *10 (citation omitted) ("[b]ecause [the] [p]laintiff only alleges economic injury in the form of a price premium paid for the [p]roduct, this exception—to the extent it exists at all—is inapplicable"). As trading cards are not sold for human consumption, and Plaintiff alleges no physical injury, the "retail exception"

does not apply here.

        2.     *Plaintiff has not stated a substantive claim for breach of an express warranty*

Plaintiff also fails to state a substantive claim for breach of an express warranty. "An express warranty is an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." *Barreto*, 518 F. Supp. 3d at 806 (quoting N.Y. U.C.C. § 2-313(1)(a)). To adequately state a claim for breach of an express warranty under New York law, Plaintiff must plead "(1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by this breach." *Turk*, 2022 WL 836894, at *9 (quotations omitted)*.

Plaintiff does not allege that the Products fail to conform to the labels' statements. Plaintiff's allegation that Topps "expressly and impliedly warranted to Plaintiff and class members that purchasing the Products was the only way to learn of the alternative methods of entry to the NPN contests" (FAC ¶ 76) is both conclusory and flatly contradicted by Plaintiff's admissions that (i) the Product's label states the opposite, *i.e.*, "NO PURCHASE NECESSARY" (*id*. ¶ 14); and (ii) Topps advertised and marketed the opposite, namely the opportunity to win valuable cards "without having to purchase the expensive Products." *Id*. ¶ 78. Simply put, Plaintiff does not allege that Topps ever warranted that purchase was required to enter any NPN contest. Courts in this District have routinely rejected claims, like Plaintiff's claim, which fail to plausibly allege that the Products fail to conform to the statements contained on their labels. *See, e.g.*, *Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *7 (S.D.N.Y. Jan. 19, 2021) (dismissing an express warranty claim because plaintiff "failed to plausibly allege that [d]efendant's product does not comport with the statements contained on the label"); *Zachmann*, 2022 WL 161480, at *4-5 (dismissing an

14

express warranty claim because the complaint failed to allege that the product did not comport with the alleged warranty of "keep[ing] the ice" for five days); *Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 361 (S.D.N.Y. 2021) (dismissing an express warranty claim because "[p]laintiff does not plausibly plead facts to support the conclusion that the label 'Slightly Sweet' is a factual representation of the amount of sugar within the Product."). As a result, Plaintiff's claim for breach of an express warranty should be dismissed.

**B.  Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Merchantability**

*1.  Plaintiff failed to provide the pre-suit notice necessary to sustain a claim for breach of the implied warranty of merchantability*

Plaintiff's failure to provide pre-suit notice (*supra* § II.A(1)) also defeats her claim that the Products breached the implied warranty of merchantability. *See Bynum*, 2022 WL 837089, at *7 (citing *Int'l Bhd. of Teamsters Local 456 Health & Welfare Tr. Fund v. Quest Diagnostics Inc.*, 2012 WL 13202126, at *23 (E.D.N.Y. Apr. 19, 2012)); *Hubbard v. Gen. Motors Corp.*, 1996 WL 274018, at *4 (S.D.N.Y. May 22, 1996).

*2.  Plaintiff has not stated a substantive claim for breach of the implied warranty of merchantability*

Plaintiff also fails to state a claim for breach of the implied warranty of merchantability. To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that the goods are "unfit for the ordinary purpose of such goods." *Barreto*, 518 F. Supp. 3d at 807; N.Y. U.C.C. § 2-314(c), (e). Plaintiff does not claim that the Products were in any way unfit for their ordinary purpose – to be trading cards. As a result, Plaintiff's claim of a breach of the implied warranty of merchantability must be dismissed just as courts in this District have recently dismissed breach of implied warranty claims tacked on to similar mislabeling claims. *See Dashnau*, 529 F. Supp. 3d at 249 (dismissing a claim of breach of the implied warranty when a

plaintiff failed to allege that the product was unfit for its ordinary purpose); *Mazella*, 548 F. Supp. 3d at 361 (same); *Barreto*, 518 F. Supp. 3d at 807 (same); *Twohig*, 519 F. Supp. 3d at 167 (same); *Wynn*, 2021 WL 168541, at *7 (same); *Bynum*, 2022 WL 837089, at *6-7 (same); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 285 (E.D.N.Y. 2009) (same).

### C.     Plaintiff Fails to State a Claim for Breach of the MMWA

Because Plaintiff fails to state a claim for breach of express and implied warranties, she also fails to state a claim for breach of the MMWA. The MMWA "incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages." *Cosgrove v. Or. Chai, Inc.*, 520 F. Supp. 3d 562, 586-87 (S.D.N.Y. 2021) (quoting *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013)). The MMWA creates no independent basis for liability. It merely "allows a consumer to recover damages under existing state law." *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006). As a result, MMWA claims rise and fall with breach of express and implied warranties claims. *See Twohig*, 519 F. Supp. 3d at 167 n.8 (dismissing MMWA claim where plaintiffs failed to sufficiently plead a cause of action for breach of express or implied warranty under state law); *Garcia v. Chrysler Gr. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law.").

Here, Plaintiff premises her MMWA claim on the same theory as her state-law breach of express warranty and breach of implied warranty of merchantability claims. FAC ¶¶ 89-93. Accordingly, Plaintiff's MMWA claim should be dismissed because both her state-law breach of express warranty and breach of implied warranty of merchantability claims fail procedurally and substantively. *Twohig*, 519 F. Supp. 3d at 167 n.8; *Garcia*, 127 F. Supp. 3d at 232.

### III.   PLAINTIFF'S COMMON LAW CLAIMS SHOULD ALSO BE DISMISSED

#### A.   Plaintiff Fails to Allege a Special Relationship Sufficient to Sustain a Negligent Misrepresentation Claim

Plaintiff fails to adequately plead a claim for negligent misrepresentation. To state a claim

for negligent misrepresentation under New York law, a plaintiff must allege that:

> (1) The defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.

*Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). Plaintiff's negligent

misrepresentation claim should be dismissed because she does not, and cannot, allege that Topps

"had a duty, as a result of a special relationship, to give correct information" to her. *Anschutz*

*Corp.*, 690 F.3d at 114. In a commercial context – as is the case here – the plaintiff is required to

show a closer degree of trust than that of the ordinary buyer and seller to establish the existence of

a special relationship. *Turk*, 2022 WL 836894, at *12 (a basic commercial transaction does not

give rise to a special relationship); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *9

(S.D.N.Y. Oct. 26, 2016) (same). Here, Plaintiff's allegations demonstrate that her relationship

with Topps is only one between an ordinary buyer and seller. Her attempt to manufacture a special

relationship by claiming Topps has "special knowledge" in the product area has been routinely

rejected by courts in this District. *See, e.g.*, *Turk*, 2022 WL 836894, at *12-13 (dismissing a

negligent misrepresentation claim based on defendants holding themselves out as "having special

knowledge and experience in" their product area); *Bynum*, 2022 WL 837089, at *6 (dismissing a

negligent misrepresentation claim based on defendant's "special knowledge and experience" in

the sale of consumer goods) (quotations omitted); *Gordon v. Target Corp.*, 2022 WL 836773, at

*16-17 (S.D.N.Y. Mar. 18, 2022) (dismissing a negligent misrepresentation claim based on

defendant's outsized role in the market for this type of product) (quotations omitted); *Turnipseed v. Simply Orange Juice Co.*, 2022 WL 657413, at *6 (S.D.N.Y. Mar. 4, 2022) (rejecting negligent misrepresentation claim based "based on defendant's position, holding itself out as having special knowledge and experience in the area") (quotations omitted). As a result, Plaintiff's negligent misrepresentation claim should be dismissed.

### B.     The Fraud Claim Is Not Pleaded with Particularity as Required by Rule 9(B)

Plaintiff's common law fraud claim should be dismissed. "Under New York law, stating a claim for fraud requires alleging (1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damage to the plaintiff." *Turk*, 2022 WL 836894, at *13 (citing *Wynn*, 2021 WL 168541, at *7). Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015).

The FAC does not contain the particularity that Rule 9(b) requires. Plaintiff merely alleges that "[d]efendant misrepresented and/or omitted the attributes and qualities of the Products by not disclosing alternative methods of entry to the NPN contests." FAC ¶ 101. Plaintiff does not plead the required "(1) detail [regarding] the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co.*, 783 F.3d at 403; *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 101 (S.D.N.Y. 1997) (dismissing a fraud claim and stating, "[i]n cases where the alleged fraud consists of an omission and the Plaintiff is unable to specify the time and place because no act occurred, the Complaint must still allege what

the omissions were, the person responsible for failing to disclose, the context of the omission and the manner in which it misled Plaintiff, and what Defendant obtained through the fraud").

Moreover, the FAC does not contain any specific allegations to establish a strong inference—or any inference—of fraudulent intent. Plaintiff merely alleges in a conclusory fashion that Topps had "actual and constructive knowledge of the falsity, unlawfulness, or deception" of the representations because of "the records Defendant is required to maintain and/or the information inconspicuously disclosed to consumers." FAC ¶ 103. Plaintiff does not specify any specific record, or even category of records, that provided Topps with actual or constructive knowledge of fraud. Plaintiff provides zero details about these alleged records. Plaintiff also states in a conclusory fashion that "Defendant's fraudulent intent is evinced by its knowledge that the Products and NPN contests were not consistent with its representations and contrary to law." *Id.* ¶ 105. This is substantially the same as the kind of bare allegation of fraudulent intent that other courts in this District have held to be insufficient to state a claim for fraud in mislabeling cases. *See, e.g.*, *Turk*, 2022 WL 836894, at *13 (finding allegations that the "[d]efendant's fraudulent intent is evinced by its knowledge that the [p]roducts' abilities were not consistent with its representations" to be insufficient for a successful fraud claim); *Dashnau*, 529 F. Supp. 3d at 250 (finding allegations that "[d]efendant's fraudulent intent is evinced by its failure to accurately identify the [p]roduct on the front labels, which it knew its statements were neither true nor accurate and could mislead consumers" to be "insufficient to adequately state a claim for fraud"); *Winston v. Hershey Co.*, 2020 WL 8025385, at *6 (E.D.N.Y. Oct. 26, 2020) (dismissing similar allegations for failing to "supply a representation or omission specific enough to meet the demands of Rule 9(b)"). Simply put, just saying that Topps acted with fraudulent intent, which is all the FAC does, is plainly insufficient to state a claim for fraud, and, therefore, Plaintiff's fraud claim

should be dismissed.

### C.    The Unjust Enrichment Claim Is Duplicative and Should Be Dismissed

Finally, Plaintiff's unjust enrichment claim should be dismissed as duplicative of her other claims.[6] The New York Court of Appeals has emphasized that an unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). "Courts will routinely dismiss an unjust enrichment claim that "simply duplicates, or replaces, a conventional contract or tort claim." *Twohig*, 519 F. Supp. 3d at 168 (quotations omitted). Claims are "duplicative of one another if they 'arise from the same facts and do not allege distinct damages.'" *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (quoting *Sitar v. Sitar*, 50 A.D.3d 667, 670 (2d Dep't 2008)).

Here, Plaintiff alleges no distinct facts or damages for her unjust enrichment claim from her other claims. The FAC only alleges that "[d]efendant obtained benefits and monies because the Product and NPN contests were not fair, nor represented truthfully and in compliance with what the law required, to the detriment and improvement of [p]laintiff and class members, who seek restitution and disgorgement of inequitably obtained profits." FAC ¶ 106. This section of the FAC does not introduce independent facts, legal theories, or damages. *See id.* Instead, it is a generalized summary of other claims discussed in the FAC. *Compare id.* (unjust enrichment: "[p]roduct and NPN contests were not fair, nor represented truthfully"), *with id.* ¶ 72 (NYGBL claim: "[d]efendant misrepresented the [p]roducts and NPN contest information through

---

[6] The elements of an unjust enrichment claim are: "(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) that it would be inequitable to permit the defendant to retain that which is claimed by Plaintiff." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 524 (S.D.N.Y. 2015).

statements, omissions, ambiguities, [and] half-truths") *and id.* ¶ 101 (fraud: "[d]efendant misrepresented and/or omitted the attributes and qualities of the [p]roducts by not disclosing alternative methods of entry to the NPN contests"). Accordingly, the claim is duplicative and should be dismissed. *See, e.g.*, *Turk*, 2022 WL 836894, at *14 (dismissing an unjust enrichment claim "as duplicative" because it was "premised on the same factual allegations as those supporting Plaintiff's other claims"); *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 284-85 (E.D.N.Y. 2021) (dismissing unjust enrichment claim that "duplicate[d] the plaintiff's other claims, which ar[o]se out of identical facts," namely "the defendant's alleged misrepresentation on the [p]roduct packaging"); *Wedra v. Cree, Inc.*, 2020 WL 1322887, at *11 (S.D.N.Y. Mar. 20, 2020) (dismissing unjust enrichment claim that was "duplicative of plaintiff's other claims for material misrepresentations rooted in statutory, contract, and tort law"); *Twohig*, 519 F. Supp. 3d at 168 (collecting cases).

## IV. The FAC Should Be Dismissed with Prejudice as Plaintiff Already Had an Opportunity to Amend

The deficiencies in the FAC and the inability to cure those deficiencies make any further amendment futile. "Leave to amend, though liberally granted, may properly be denied" due to "repeated failure to cure deficiencies by amendments previously allowed" or "futility of amendment," among other reasons. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts deny leave to amend a complaint a second time when a plaintiff, as here, was provided notice of the deficiencies and failed to cure those deficiencies. *See Dwyer*, 2022 WL 1136799, at *11-12 (denying leave to amend sua sponte, stating that "a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend"); *see Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware

of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment [even if] the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.") (alteration in original) (internal quotation marks and citation omitted).

The FAC should be dismissed with prejudice, and the Court should not provide Plaintiff with leave to amend. Plaintiff was provided with notice of the complaint's defects through a pre-motion letter. *See* ECF No. 12. In response, Plaintiff was provided an opportunity to cure those defects by filing the FAC. As shown above, the defects noted in Topps' first pre-motion letter were not cured and cannot be cured through a further amended complaint. Therefore, like *Dwyer*, where the plaintiff had notice of defects due to a pre-motion letter, this Court should similarly deny any leave to amend again and dismiss the FAC with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's FAC should be dismissed in its entirety with prejudice for failure to state a claim under Rule 12(b)(6).

Dated: New York, New York
      June 22, 2022

Respectfully submitted,

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo
Ronald J. Aranoff
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110
Phone: (212) 382-3300
pdefilippo@wmd-law.com
raranoff@wmd-law.com
rkane@wmd-law.com

*Attorneys for The Topps Company, Inc.*