**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BELINDA WHEELER, individually and on behalf of
all others similarly situated,

Index No. 1:22-cv-02264

Plaintiff,

-against-

THE TOPPS COMPANY, INC.,

Defendant.

**THE TOPPS COMPANY, INC.'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ............................................................................................................................1

I.      PLAINTIFF FAILS TO STATE NYGBL SECTIONS 349 AND 350 CLAIMS ..............1

      A.     Plaintiff Fails to Allege a Sufficient Nexus to New York.....................................1

      B.     Plaintiff Fails to State a NYGBL Claim..............................................................4

II.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF WARRANTY ..............7

III.    PLAINTIFF'S COMMON LAW CLAIMS SHOULD ALSO BE DISMISSED...............9

IV.    THE FAC SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF ALREADY HAD AN OPPORTUNITY TO AMEND ..................................................10

CONCLUSION........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Unilever U.S., Inc.*,
  2022 WL 2181575 (S.D.N.Y. June 16, 2022) ..................................................................... 7-8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................4

*Brumfield v. Trader Joe's Co.*,
  2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ...............................................................5-6, 10

*Bynum v. Family Dollar Stores, Inc.*,
  2022 WL 837089 (S.D.N.Y. Mar. 21, 2022).........................................................................7

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
  433 F.3d 181 (2d Cir. 2005) ................................................................................................2

*Chiste v. Hotels.com L.P.*,
  756 F. Supp. 2d 382 (S.D.N.Y. 2010)..................................................................................3

*Chung v. Igloo Prods. Corp.*,
  2022 WL 2657350 (E.D.N.Y. July 8, 2022) .......................................................................1

*Colella v. Atkins Nutritionals, Inc.*,
  348 F. Supp. 3d 120 (E.D.N.Y. 2018) .................................................................................7

*Derbaremdiker v. Applebee's Int'l, Inc.*,
  2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) ....................................................................6

*Haft v. Haier US Appliance Sols., Inc.*,
  2022 WL 62181 (S.D.N.Y. Jan. 5, 2022)..............................................................................2

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015) ................................................................................................9

*Lugones v. Pete & Gerry's Organic, LLC*,
  440 F. Supp. 3d 226 (S.D.N.Y. 2020)..................................................................................7

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*,
  898 F.3d 243 (2d Cir. 2018) ..............................................................................................10

*Nguyen v. Barnes & Noble, Inc.*,
  2015 WL 12766050 (C.D. Cal. Nov. 23, 2015) ..................................................................3

*Polk v. DelGatto, Inc.*,
  2021 WL 3146291 (S.D.N.Y. July 23, 2021)................................................................. 3-4

*Richards v. Johnson & Johnson, Inc.*,
  2018 WL 6573332 (N.D.N.Y. Dec. 13, 2018) ....................................................................8

*Russett v. Kellogg Sales Co.*,
  2022 WL 2789837 (S.D.N.Y. July 15, 2022)............................................................. 1, 6, 9

*Samuelson v. Union Carbide Corp.*,
  1986 WL 1442 (S.D.N.Y. Jan. 29, 1986).........................................................................6

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*,
  642 F. Supp. 2d 167 (S.D.N.Y. 2009).............................................................................2

*Tomasino v. Estee Lauder Cos., Inc.*,
  2015 WL 4715017 (E.D.N.Y. Aug. 7, 2015) ....................................................................8

*Turk v. Rubbermaid Inc.*,
  2022 WL 836894 (S.D.N.Y. Mar. 21, 2022)................................................................5, 9

*Ward v. TheLadders.com, Inc.*,
  3 F. Supp. 3d 151 (S.D.N.Y. 2014) ................................................................................3

**Statutes**

N.Y. Gen. Bus. Law § 349 ................................................................................. 1, 2, 3, 5

N.Y. Gen. Bus. Law § 350 ......................................................................................1, 5

N.Y. Gen. Bus. Law § 369-e ......................................................................................6

N.Y. U.C.C. § 2-607 ................................................................................................7

**Rules**

Fed. R. Civ. P. 8(d) ................................................................................................10

Fed. R. Civ. P. 9(b) ..................................................................................................9

Fed. R. Civ. P. 12(b)(6)............................................................................................10

## **PRELIMINARY STATEMENT**

Plaintiff's claims suffer from the same defects as the forty-five similar mislabeling cases that courts have dismissed in the Second Circuit in the past two years alone. Since Topps' motion, two more courts have dismissed, at the pleading stage, similar mislabeling cases for substantially the same reasons that this action should be dismissed. *See Russett v. Kellogg Sales Co.*, 2022 WL 2789837 (S.D.N.Y. July 15, 2022); *Chung v. Igloo Prods. Corp.*, 2022 WL 2657350 (E.D.N.Y. July 8, 2022). Like many of the recently dismissed mislabeling cases, the claims here suffer from fundamental, threshold defects requiring dismissal. Such defects include: (1) the NYGBL claims lack the required nexus to New York; (2) a failure to provide the required pre-suit notice for the breach of warranty claims; (3) a failure to plead fraud with any particularity; and (4) the duplicative nature of the unjust enrichment claims.

Further, the FAC fails to plead essential elements of Plaintiff's claims, including: the exact Product she purchased, the content of the label for the actually purchased Product, whether any portion of the label concerning the no purchase necessary means of entry was inaccessible to her, or whether she purchased Products with supposedly prematurely expired contest deadlines. Plaintiff's opposition brief raises more questions than it answers. However, what is clear is that the central premise of Plaintiff's claims fails because no reasonable person could believe that purchase is necessary to enter a contest where the label clearly discloses "NO PURCHASE NECESSARY" ("NPN"). Given that Plaintiff already had a chance to cure her defective claims, the FAC should be dismissed with prejudice and no further amendment should be permitted.

## **ARGUMENT**

**I.    PLAINTIFF FAILS TO STATE NYGBL SECTIONS 349 AND 350 CLAIMS**

**A.    Plaintiff Fails to Allege a Sufficient Nexus to New York**

Plaintiff does not contest the requirement that she must either have viewed the alleged

deceptive statement while in New York (territorial test) or that the transaction involving the deceptive statement must have occurred in New York (transactional test) to establish the requisite New York nexus for a NYGBL claim. *Compare* Mot. 7-9, *with* Opp. 6-7.[1] Plaintiff does not affirmatively assert that she met the territorial test. Instead, Plaintiff argues that she satisfies the transactional test because "Defendant's design of the contest rules and conditions" allegedly occurred in New York. Opp. 6. But this is the very argument that courts in this District have rejected. Mot. 8. Rather than address the cases that Topps cites, Plaintiff tries in vain to distinguish only one: *SimplexGrinnell*. *See* Opp. 6-7.[2] *SimplexGrinnell*, however, dooms her NYGBL claims as the court dismissed a NYGBL section 349 claim, stating: "It is not sufficient that a marketing plan originates in New York if the consumer deception occurs elsewhere." *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 203 n.19 (S.D.N.Y. 2009). Indeed, Plaintiff incorrectly focuses on the court's analysis of whether the alleged deceptive statement in that case was "broadly made" because Plaintiff conflates the court's separate analysis of a Lanham Act claim, which is not pled here, with its analysis of a NYGBL section 349 claim. *Id*. at 201-203.[3]

Plaintiff's only other argument for a New York nexus is that she allegedly relied on words printed on Products that invited purchasers to visit a website in New York. Opp. 6. However, the FAC contains no such allegation. Instead, Plaintiff merely alleges that she purchased an unspecified Product on Topps' website. FAC ¶ 49. She alleges nothing at all about the website

---

[1] Capitalized terms have the meanings set forth in Topps' opening brief ("Mot.") and Plaintiff's opposition ("Opp.").

[2] Plaintiff also cites *Haft v. Haier US Appliance Sols., Inc.*, 2022 WL 62181, at *14 (S.D.N.Y. Jan. 5, 2022), but that case similarly dismissed NYGBL claims for lack of a New York nexus because, as here, plaintiff did not view any deceptive statements in New York.

[3] Plaintiff's assertion that she "seeks to represent all customers in this State" is beside the point because a plaintiff must adequately plead her own claim, not claims belonging to some unidentified class members. *See, e.g.*, *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 199 (2d Cir. 2005) (named class plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

itself, let alone being directed to the website by language on any Products, and certainly she does not allege that there was anything misleading or deceptive on it.

In any event, other courts have found NYGBL claims premised solely on internet purchases with a New York company to be insufficient and have dismissed on that basis. For example, in *Chiste v. Hotels.com L.P.*, plaintiffs likewise argued for a New York nexus based on transacting on a website. 756 F. Supp. 2d 382, 402-403 (S.D.N.Y. 2010). The court dismissed a NYGBL section 349 claim holding that the internet transactions occurred in plaintiffs' home states where they accessed the website (which here would be Washington, D.C.). (FAC ¶ 42). *Chiste*, 756 F. Supp. 2d at 403; *see also Nguyen v. Barnes & Noble, Inc.*, 2015 WL 12766050, at *3 (C.D. Cal. Nov. 23, 2015) ("[T]he FAC does not allege that he viewed the website in New York, made his purchases in New York, or was otherwise exposed to any part of the transaction in New York.").

The two cases Plaintiff cites to support her website theory are distinguishable because they involve far more New York connections than either language on a package inviting purchasers to a website (Opp. 6) or an online purchase made outside New York (FAC ¶ 49). *Ward v. TheLadders.com, Inc.* involved allegations that (1) defendant operated a job-matching website in New York; (2) plaintiffs were subscribers to defendant's New York website; (3) subscription fees were received at defendant's New York office; (4) defendant's communications with subscribers emanated from its New York office; and (5) subscribers agreed to terms of use governed by New York law. 3 F. Supp. 3d 151, 156-57, 168 (S.D.N.Y. 2014). *Polk v. DelGatto, Inc.* involved allegations that (1) defendant operated an online jewelry marketplace in New York; (2) defendant received a commission for each sale in New York; (3) defendant instructed sellers to send jewelry to its New York headquarters for distribution to buyers; and (4) the buyers and sellers agreed to defendant's terms of use with a New York choice of law provision. 2021 WL 3146291, at *2, *10

(S.D.N.Y. July 23, 2021). The FAC alleges none of these more substantial connections to New York; a one-sentence allegation that Plaintiff, residing outside New York, bought an unidentified Product on Topps' website simply is not sufficient to plead a NYGBL claim.

### B. Plaintiff Fails to State a NYGBL Claim

Plaintiff's NYGBL claims also fail because Plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff appears to argue for a lower pleading standard that would place the burden on Topps and the Court to figure out which causes of action apply to Plaintiff's allegations, citing to a 1939 Ohio case and a U.S. Supreme Court case from over one hundred years ago. Opp. 8. That is no longer the law. *Iqbal*, 556 U.S. at 678. But, even if it were the law, the FAC would fall short of that lower standard because it does not allege the most basic facts concerning Plaintiff's alleged purchases. Topps' opening brief included a list of basic facts about Plaintiff's transactions which are wholly absent from the FAC. Mot. 5. Plaintiff ignores, and therefore concedes, that they are all missing. Plaintiff still has not alleged what Product she purchased, the content of the labels on that Product, or how she was deceived by the specific label on the Product she purchased. It is unknown if Plaintiff purchased individual packs of cards, a box of cards, or an allegedly sealed box of cards. Plaintiff has not alleged that she purchased the 2022 Baseball Series or the 2021 Bowman Cards, the only trading cards referenced in the FAC. *See* Mot. 5. These are not details to be uncovered in discovery as Plaintiff suggests; these are details only Plaintiff would know and was required to plead. *Iqbal*, 556 U.S. at 678-679 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and requires more than 'naked assertion[s]' devoid of 'further factual enhancement'"). Plaintiff failed to do so rendering her NYGBL claims not only implausible, but also indecipherable.

Because Plaintiff failed to allege that she actually purchased any specific Product, she also

fails to plead reliance, causation, or injury. Mot. 11-12. Plaintiff claims reliance is not a necessary element of NYGBL claims, but that argument has been rejected by courts in this District, *see id.* 12, and in any event, does not cure the failure to adequately plead causation and injury. Plaintiff's attempt to distinguish her allegations from those in *Turk* and *Matthew Bender & Co.* fail. Opp. 9. As Judge Karas held in *Turk*, "[w]hile Plaintiffs allege in a conclusory fashion that they relied on representations . . . these allegations are inadequate to demonstrate reliance sufficient to state a claim under GBL §§ 349 and 350" because there is "no authority for the proposition that a court may infer the factual circumstances underlying an element of a cause of action from the conclusory recitation of what the element requires." *Turk v. Rubbermaid Inc.*, 2022 WL 836894, at *9 (S.D.N.Y. Mar. 21, 2022). Plaintiff offers nothing beyond conclusory allegations that she "relied on the words, terms, coloring, descriptions, layout, packaging, tags, and/or images" on Products. Opp. 9. Plaintiff leaves the Court and Topps to guess, for example, what about the coloring, layout, tags, or images on the packages of the unidentified Products she purchased deceived her. This falls far short of complying with the pleading requirements of the Second Circuit.

On top of her other pleading failures, Plaintiff fails to plausibly allege anything about Topps' label that would mislead a reasonable consumer. Plaintiff admits: (1) Topps' packaging states "NO PURCHASE NECESSARY" in capital letters; and (2) the Product is sold in individual packages containing the NPN instructions and some boxes also contain the NPN instructions. Opp. 3. Notwithstanding these admissions, Plaintiff still alleges that a significant portion of consumers could be misled into purchasing the Product. *Id*. Plaintiff's allegation is implausible, and where an allegation is implausible, "[a] court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *2 (S.D.N.Y. Aug. 30, 2018) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739,

741 (2d Cir. 2013)); Mot. 9. Indeed, Justice Roman held the same earlier this month when dismissing similar NYGBL mislabeling claims. *Russett*, 2022 WL 2789837, at *3.

Plaintiff's attempt to distinguish *Samuelson* and *Derbaremdiker*, which Plaintiff concedes dismissed similar claims involving NPN disclosures, is unavailing. Opp. 4. *Samuelson*'s holding was not limited to whether the need to purchase stamps and envelopes violated NPN disclosures, as Plaintiff suggests. *Id.* Rather, the court broadly held that "[a]ny reasonable reader would understand that the statement meant only that one need not buy anything from the party making the contest offer in order to enter the contest," including not needing to purchase the product itself. *Samuelson v. Union Carbide Corp.*, 1986 WL 1442, at *2 (S.D.N.Y. Jan. 29, 1986). Plaintiff's attempt to distinguish *Derbaremdiker* also fails. Opp. 4. Contrary to Plaintiff's contention, the NPN terms were more fully disclosed here than in *Derbaremdiker* as in that case consumers just received a receipt that "explicitly stated '[n]o purchase necessary'" and included the defendant's website address where official rules could be found. *Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057, at *5 (E.D.N.Y. Sept. 26, 2012). Here, Plaintiff concedes that the NPN disclosure was disclosed on both boxes and individual packages of cards and that alternative means of entry were also disclosed on the labels for certain boxes and all individual packages of cards.

Plaintiff's claims regarding the 2021 Bowman Cards fare no better as they are fraught with deficiencies, including: Plaintiff does not allege that she ever bought the 2021 Bowman Cards, relied on the label, or was misled to purchase the 2021 Bowman Cards (due to an expired contest or for any other reason). Finally, to the extent that Plaintiff claims the 2021 Bowman Cards (or any other Products) violate NYGBL section 369-e, the claim necessarily fails because, as Plaintiff does not dispute, there is no private right of action for a violation of section 369-e. Mot. 12 n.5.[4]

---

[4] Plaintiff's assertions regarding the consumer protection laws of the District of Columbia, Arkansas, Iowa, Utah, and Montana, Opp. 1, are irrelevant because she withdrew those claims when she filed the FAC.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF WARRANTY

**Lack of Pre-Suit Notice.** Plaintiff's argument that N.Y. U.C.C. § 2-607 does not "mention or allude to any litigation," Opp. 10, is wrong: the statute states that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or *be barred from any remedy.*" N.Y. U.C.C. § 2-607(3)(a) (emphasis added). Plaintiff fails to address Topps' cited cases holding the same. *See Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020) ("[I]n order to assert a breach of express warranty claim under New York law, 'a buyer must provide the seller with timely notice of the alleged breach of warranty.'"); *Bynum v. Family Dollar Stores, Inc.*, 2022 WL 837089, at *7 (S.D.N.Y. Mar. 21, 2022) ("[T]he U.C.C.'s notice requirement also applies to claims for breach of implied warranty."). Plaintiff's argument that she provided notice by filing her complaint here also is wrong. *See, e.g.*, *Lugones*, 440 F. Supp. 3d at 244 (rejecting complaint as sufficient notice).[5]

In addition, and contrary to Plaintiff's assertion, these notice requirements have not been jettisoned in New York. The only circumstance in which they may not apply is under the narrow exception applied to goods sold for human consumption "where the party alleges physical, in addition to economic, injury," which is not relevant here. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143-44 (E.D.N.Y. 2018) (collecting cases). The cases cited by Plaintiff for the notion that "pleadings could constitute pre-suit notice under certain circumstances" are inapplicable here because those courts either rejected a complaint as proper notice because it did not fall within this exception or did not even consider whether a complaint constituted proper notice. *Anderson v. Unilever U.S., Inc.*, 2022 WL 2181575, at *9 (S.D.N.Y. June 16, 2022)

---

[5] Plaintiff has abandoned her allegations that she "provided or will provide notice" (FAC ¶ 85), or that Topps "received notice and should have been aware of these issues" from third-party sources (*id.* ¶ 87), which courts have equally rejected as insufficient notice. Mot. 13 (collecting cases).

(rejecting complaint as sufficient pre-suit notice); *Richards v. Johnson & Johnson, Inc.*, 2018 WL 6573332, at *2-4 (N.D.N.Y. Dec. 13, 2018) (considering report filed with defendant but declining to apply notice requirements because product caused death of buyer); *Tomasino v. Estee Lauder Cos.*, *Inc.*, 2015 WL 4715017, at *4-7 (E.D.N.Y. Aug. 7, 2015) (rejecting argument that pre-suit notice was not required and finding letter sent to defendant 30 months after purchase was untimely). Because Plaintiff does not allege that she purchased goods sold for human consumption or suffered any resulting physical injury, her warranty claims fail for lack of pre-suit notice.

**Express Warranty.** Plaintiff does not dispute any of the following: (1) the FAC alleges the express warranty was "that purchasing the Products was the only way to learn of the alternative methods of entry to the NPN contest";[6] (2) the Product's label states the opposite, *i.e.*, "NO PURCHASE NECESSARY" (FAC ¶ 14); and (3) Topps advertised and marketed the opposite, namely the opportunity to win valuable cards "without having to purchase the expensive Products." *Id*. ¶ 78. *Compare* Mot. 14-15, *with* Opp. 11-12. Thus, Plaintiff's express warranty claim fails based on the FAC's own allegations. Plaintiff also simply ignores the string of recent cases in this District dismissing similarly deficient warranty claims. Mot. 14-15. Additionally, because Plaintiff does not allege what Product she actually purchased, she necessarily fails to adequately plead how the Product was defective or how such defects breached any express warranty (or even what the express warranty stated on the Product she allegedly purchased).

**Implied Warranty.** Plaintiff does not dispute that the Products were fit for their ordinary purpose – to be trading cards. Instead, she now argues that the Products were not fit for their ordinary purpose because they misrepresented that no purchase was necessary. Opp. 12. This is an

---

[6] To the extent that Plaintiff now asserts that the warranty was "no purchase necessary," Opp. 12, that is not alleged in the FAC, *see* FAC ¶ 76, and in any event would fail because the representation was not untrue or deceptive for the same reasons set forth above with respect to the NYGBL claims.

improper attempt to change Plaintiff's claim. More importantly, Plaintiff cites no support for her contention that the ordinary purpose of the Products is anything besides their use as trading cards. And just like her express warranty claim, the implied warranty claim necessarily fails because Plaintiff fails to allege what Product she purchased.[7]

**MMWA.** Plaintiff concedes that if the Court finds that her express and implied warranty claims fail, then her MMWA claim also fails. Opp. 12. As a result, her MMWA claim should be dismissed along with her other warranty claims for the reasons explained above.

## III.    PLAINTIFF'S COMMON LAW CLAIMS SHOULD ALSO BE DISMISSED

Plaintiff has withdrawn her claim for negligent misrepresentation. Opp. 1 n.1. Her remaining common law claims for fraud and unjust enrichment should also be dismissed.

**Fraud.** As a threshold matter, "[s]ince Plaintiff has not pleaded an underlying materially misleading representation, the other claims in this case, which hinge on the core theory of an alleged deceptive or misleading label on the Product, must also be dismissed." *Russett*, 2022 WL 2789837, at *4. Additionally, Plaintiff does not dispute that a plaintiff bears the "burden[]" of alleging "facts that give rise to a strong inference of fraudulent intent." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015) (internal quotation marks omitted). So while Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," courts "must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations." *Turk*, 2022 WL 836894, at *4. Here, Plaintiff points to no allegation even generally giving rise to a strong inference of fraudulent intent, Opp. 13, making

---

[7] Even if Plaintiff did allege the specific Product she purchased, her claim would still fail with respect to any Product she did not buy directly from Topps. *Turk*, 2022 WL 836894, at *10 ("[N]o implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury is alleged.").

this claim similar to the many other tagalong fraud claims that have been dismissed from similar mislabeling cases in the Second Circuit. *See* Mot. 19. Plaintiff's fraud claim should be dismissed.

**Unjust Enrichment.** Plaintiff's sole argument to maintain her unjust enrichment claim is that she has pleaded it in the alternative under Rule 8(d)(2). Opp. 14. As this Court has explained, "[a]lthough unjust enrichment can be pleaded in the alternative, it 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Brumfield*, 2018 WL 4168956, at *4 (citation omitted). Plaintiff does not even try to show that her unjust enrichment claim is based on different allegations from her other claims, rendering her reliance on alternative pleading misplaced. Plaintiff's unjust enrichment claim also should be dismissed.

## IV. THE FAC SHOULD BE DISMISSED WITH PREJUDICE AS PLAINTIFF ALREADY HAD AN OPPORTUNITY TO AMEND

The Second Circuit has explained that "[w]hen a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment [even if] the proposed second amended complaint, in fact, cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) (alteration in original) (citation omitted). While Plaintiff requests permission to amend her complaint again, she does not specify how any additional amendment would cure the numerous deficiencies in the FAC. Moreover, because Plaintiff was made aware of the deficiencies in her complaint through two pre-motion letters and failed to cure them in the FAC or otherwise address them in her opposition, she is not entitled to yet another chance to amend her complaint.

## CONCLUSION

For all these reasons, Plaintiff's FAC should be dismissed in its entirety with prejudice for failure to state a claim under Rule 12(b)(6).

Dated: New York, New York
      July 22, 2022

Respectfully submitted,

*/s/ Paul R. DeFilippo*
Paul R. DeFilippo
Ronald J. Aranoff
Ryan A. Kane
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue, 12th Floor
New York, New York 10110
Phone: (212) 382-3300
pdefilippo@wmd-law.com
raranoff@wmd-law.com
rkane@wmd-law.com

*Attorneys for The Topps Company, Inc.*