UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                     :
BELINDA WHEELER,                                     :
                                Plaintiff,           :           22 Civ. 2264 (LGS)
                                                     :
                 -against-                           :           OPINION AND ORDER
                                                     :
THE TOPPS COMPANY, INC.,                             :
                                Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Belinda Wheeler brings this consumer action on behalf of herself and a putative

class of fellow purchasers.  Defendant The Topps Company, Inc. ("Topps") sells trading cards

offering entry into no-purchase necessary ("NPN") contests.  The contests provide a chance to

win a randomly selected trading card, some of which are rare and valuable.  In this diversity

action, Plaintiff asserts that Defendant mislabels its products regarding the contests.  Plaintiff's

First Amended Complaint ("FAC") alleges violation of New York's General Business Law

("GBL"), breach of express and implied warranties, negligent misrepresentation, fraud and

unjust enrichment.  Defendant moves to dismiss this action.  For the reasons below, Defendant's

motion is granted.

## I.  BACKGROUND

        The following facts are taken from the FAC.  *See Lively v. WAFRA Inv. Advisory Grp.*,

*Inc.*, 6 F.4th 293, 306 (2d Cir. 2021).  The facts are construed in the light most favorable to

Plaintiff as the non-moving party and presumed to be true for the purpose of this motion.  *Id.* at

299 n.1.

        Defendant Topps is the oldest trading card seller in the United States, selling sports cards

as well as cards related to entertainment.  Topps offers contests to win randomly selected trading cards, including rare and expensive cards.  Defendant sells trading cards for around twenty dollars per box and eight dollars per pack, a price that reflects the value of entering the NPN contest.

To avoid running afoul of New York law, which bars lotteries where players pay for a chance to win something of value, these contests do not require potential entrants to purchase Defendant's products.  Defendant advertises the contests on its products, accompanied by language that states "NO PURCHASE NECESSARY" to enter a contest.  Nevertheless, aspects of Defendant's packaging and marketing practices belie this claim.  For example, some of its products consist of boxes of individually wrapped packs of trading cards, with instructions for entering the contest printed on each individual pack of cards, rather than the box, making purchase functionally necessary to enter.

Alternatively, Defendant sometimes makes it impossible for anyone to have a chance at winning the contest.  For one contest, Defendant set the deadline for entering prior to the release date of the product that printed the instructions for entering the contest on the box, making it impossible to enter the contest before the deadline.

Finally, Defendant does not disclose information regarding its contests' completion, winners or the dates prizes are distributed.  Defendant also does not ensure that retail establishments selling its products prominently post notices of the number and value of prizes available.

Plaintiff is a citizen of Washington, D.C.  She purchased Defendant's products from its website and from physical stores in the Washington, D.C., metropolitan area and "elsewhere on

the East Coast."  She purchased Defendant's products to enter the NPN contests and paid a

premium for the chance to win rare prizes through these contests.

## II.  STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese*

*Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v.*

*UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to

allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the

line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To

survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through

factual allegations sufficient to raise a right to relief above the speculative level."  *Rich v. Fox*

*News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation

marks omitted).

## III.  DISCUSSION

Plaintiff now asserts four claims: violations of the GBL, breach of express and implied

warranty, fraud and unjust enrichment.[1]  Defendant moves to dismiss all of these claims.

### A.      New York GBL Claims

Plaintiff alleges violations of GBL § 349 and § 350, which bar deceptive business

---

[1] The FAC additionally includes a claim for negligent misrepresentation.  Plaintiff withdrew this
claim in her Opposition to Defendant's motion.

practices and false advertising, respectively.  Both § 349 and § 350 require a nexus to New York state.  GBL § 349(a) states: "Deceptive acts or practices in the conduct of any business . . . in this state are hereby declared unlawful."  GBL § 350 states: "False advertising in the conduct of any business . . . in this state is hereby declared unlawful."  In *Goshen v. Mut. Life Ins. Co. of N.Y.*, the New York Court of Appeals interpreted "in this state" in both of these provisions to require that "the transaction in which the consumer is deceived must occur in New York."  774 N.E.2d 1190, 1195 (2002).  Some courts have applied *Goshen* to require that a plaintiff "actually view a deceptive statement while in New York," while others have "focus[ed] on where the underlying deceptive 'transaction' takes place."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013) ("[T]wo divergent lines of decisions have developed since *Goshen* regarding the proper territorial analysis[.]").  Under either test, Plaintiff, a resident of the District of Columbia, fails to allege the required nexus to New York.  Accordingly, her claims under § 349 and § 350 are dismissed.

Plaintiff argues that she satisfies the nexus requirement because Defendant designed the contest rules and conditions in New York and because the packaging of Defendant's products invited entrants to a website operated in New York.  Both of these arguments fail.  First, that Defendant designed the contest rules and conditions in New York does not alone provide a sufficient nexus.  *See Goshen*, 774 N.E.2d at 1195 ("The phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer."); *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 167, 203 n.19 (S.D.N.Y. 2009) ("It is not sufficient that a marketing plan originates in New York if the consumer deception occurs elsewhere.").  Plaintiff attempts to

4

distinguish *SimplexGrinnell* by arguing that the alleged misrepresentation there was made to a single customer outside of New York state, while she seeks to represent all customers in New York, in line with the intent of the statute.  This distinction is irrelevant.  To represent a class of customers in New York and further the statutory aim of protecting New York consumers, Plaintiff must have standing in her own right.  *See McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 299 (2d Cir. 2021) ("In a class action, federal courts lack jurisdiction if no named plaintiff has standing." (internal quotation marks omitted)).

Second, Plaintiff points to Defendant's website to establish the required nexus, alleging that she purchased Defendants' products "on one or more occasions . . . at stores including . . . Defendant's website."[2]  The FAC does not allege facts regarding the location of Defendant's operation of its website, but does state that Defendant's principal place of business is New York.  Drawing the inference in Plaintiff's favor that Defendant's website is operated in New York, the allegations nevertheless fail.  Courts have consistently rejected claims under § 349 and § 350 based solely on an out-of-state customer's interacting with a website controlled in New York.  *See, e.g.*, *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 7-8 (2d Cir. 2012) (summary order) (rejecting § 349 claim based on "allegations that deceptive terms and conditions were published on a website controlled from New York, when there is no further allegation of plaintiffs' receipt of this information in New York"); *Wright v. Publishers Clearing House, Inc.*, 439 F. Supp. 3d 102, 110 (E.D.N.Y. 2020) ("[A]llegations that the Defendants hatched the deceptive scheme in

---

[2]  In her briefing, she also argues the packaging on Defendant's products directed consumers to its website, but this allegation is not contained within the FAC and therefore cannot be considered at a motion to dismiss. *See United States ex rel. Foreman v. AECOM,* 19 F.4th 85, 106 (2d Cir. 2021).

New York; sent the relevant advertising materials from New York; and received payment and processed orders in New York . . . neither individually nor cumulatively establish that some part of the underlying transaction occurred in New York State."); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 403 (S.D.N.Y. 2010) ("Plaintiffs here made and paid for their hotel reservations on the Internet from their respective home states. The alleged deceptive practice . . . occurred at the time the hotel reservations were made on the websites . . . . Consequently, any deception occurred when [and where] the reservations were made . . . .").

Plaintiff cites cases that require that the transaction, rather than the deception, occur in New York to satisfy the nexus requirement in § 349 and § 350. The FAC does not satisfy that test, and Plaintiff's cases are distinguishable. In *Polk v. Del Gatto, Inc.*, the complaint pleaded a sufficient nexus to New York where the allegations included a New York choice of law provision in the defendant's terms of service, the defendant's receipt of checks and goods in New York and the defendant's processing sales and sending and withholding payments in New York. No. 21 Civ. 129, 2021 WL 3146291, at *10 (S.D.N.Y. July 23, 2021). In *Ward v. TheLadders.com, Inc.*, the defendant operated an entirely on-line business, a job-matching website. 3 F. Supp. 3d 151 (S.D.N.Y. 2014). There were no tangible consumer goods and virtually everything occurred on the website, including registration, cancellation, review of on-line materials and monetary transactions. The court found these alleged facts sufficient to support a GBL § 349 claim. *Id.* at 168.

Here, the FAC contains only two factual allegations about New York, that Defendant's principal place of business is in New York, and the conclusory allegation in support of venue that "a substantial part of the events or omissions giving rise to these claims occurred in New

York County, i.e., Defendant's decisions for labeling the Product and designing the contest rules and conditions." As for Plaintiff's transactions, the FAC alleges that she "purchased the Products on one or more occasions . . . at stores including . . . Defendant's website, and card stores, at locations within the Washington Metropolitan Area and elsewhere on the East Coast." Based on these allegations, the locus of the challenged transactions is Washington, D.C., where Plaintiff resides and purchased some of Defendant's products.

The allegations in the FAC fail to establish the required nexus to New York needed to pursue claims under § 349 and § 350. Defendant's motion to dismiss these claims is granted.

### B. Breach of Warranty

Plaintiff alleges breach of express warranty, implied warranty of merchantability and violation of the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301-12. These claims incorporate a requirement that a purchaser provide notice to the seller of the alleged warranty. Because the FAC does not allege facts that Plaintiff provided notice, the breach of warranty claims are dismissed.

To recover on a breach of warranty claim brought under New York law, a buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.Y. U.C.C. § 2-607(3)(a). This requirement applies to breach of implied, as well as express, warranty. *See Tighe v. North Shore Animal League America*, 36 N.Y.S. 3d 500, 502-03 (2d Dep't 2016) (dismissing implied warranty claim for failure of notice); *Campbell v. Whole Foods Market Grp., Inc.*, 516 F. Supp. 3d 370, 392 (S.D.N.Y. 2021) (construing New York law) (collecting cases). The FAC alleges three forms of notice: that Plaintiff "provided or will provide notice to Defendant," that she "hereby provides

7

notice to Defendant," and that "Defendant received notice and should have been aware of these issues due to complaints by third-parties."

The allegations that Plaintiff "provided or will provide notice" and that Defendant "received notice" are insufficient because they do not allege that Plaintiff actually provided notice as required under New York law. *See, e.g., Campbell v. Whole Foods Market Group, Inc.*, 516 F. Supp. 3d 370, 391 n.12, 392 (S.D.N.Y. 2021) (dismissing claim where the plaintiff alleged only that she "provided or will provide" notice and that "numerous complaints by consumers" put the defendant on notice); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 590 (S.D.N.Y. 2021) (same); *Bynum v. Family Dollar Stores, Inc.*, 592 F. Supp. 3d 304, 314-15 (S.D.N.Y. 2022) (same).

This leaves Plaintiff's allegation that she "hereby provides notice" -- i.e., notice via the filing of this lawsuit. Whether the required notice for a breach of warranty claim must be made pre-lawsuit or can be accomplished by commencing litigation is an open question, and courts in this District have split in answering it. Those that find that filing suit can accomplish notice rely on *Panda Capital Corp. v. Kopo Intern., Inc.*, 662 N.Y.S. 2d 584, 586 (2d Dep't 1997), in which the court stated that "the complaint and subsequent amended complaint in this action themselves constituted [required] notice." *See, e.g., Bayne v. Target Corp.*, No. 21 Civ. 5938, 2022 WL 4467455, at *3 (S.D.N.Y. Sept. 23, 2022); *Patellos v. Hello Prods., LLC*, 523 F. Supp. 3d 523, 534 (S.D.N.Y. 2021); *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014) (which Plaintiff cites). However, *Panda Capital* continued that, in the specific context of the dispute where "the plaintiff had repeatedly made its objections . . . known," those repeated objections and the filing of the suit together created "at the very least an issue of fact as

to whether reasonably timely notice of breach was given."  662 N.Y.S. at 586.  Noting this fact,

the clear majority of courts in this District have rejected arguments that *Panda Capital* permits a

plaintiff to satisfy the notice requirements by filing a complaint.  *See, e.g.*, *Barton v. Pret A*

*Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 246-47 & n.9 (S.D.N.Y. 2021) ("It is worthy of note

that from this Court's research, *Panda Capital* is the only New York State decision that suggests

that the filing of a complaint by itself by may sufficient to satisfy the notice requirement, and . . .

the statement in *Panda Capital* is equivocal."); *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d

268, 282 (S.D.N.Y. 2021) ("[C]ourts to address this issue have held that timely, pre-litigation

notice is a condition precedent to bringing an action for breach of warranty." (internal quotations

omitted)); *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244 (S.D.N.Y.

2020) ("Insofar as Plaintiffs believe that *Panda Capital* stands for a broad rule that a filed

complaint qualifies as sufficient and timely notice, Plaintiffs are mistaken. . . . [This conclusion]

is supported by the Court's inability to locate any authority, from either a New York State court

or from within this Circuit, that relies on *Panda Capital* for such a broad rule."); *see also*

*Anderson v. Unilever United States, Inc.*, No. 21 Civ. 3117, 2022 WL 2181575, at *9 (S.D.N.Y.

June 16, 2022) (following *Lugones*); *Turk v. Rubbermaid Inc.*, No. 21 Civ. 270, 2022 WL

836894, at *10 (S.D.N.Y. Mar. 31, 2022) (same); *Gordon v. Target Corp.*, No. 20 Civ. 9589,

2022 WL 836773, at *14 (S.D.N.Y. Mar. 18, 2022) (same).

   This Court similarly concludes that the New York Court of Appeals, if faced with this

question, would hold that pre-suit notice is required for a breach of warranty claim.  This reading

comports with the statutory text, which requires a buyer to provide notice of the breach of

warranty "or be barred from any remedy."  N.Y. U.C.C. § 2-607(3)(a).  This language does not

make sense if the act of pursuing a remedy would inherently provide notice to a merchant.  As the FAC does not plead that Plaintiff provided pre-suit notice of the breach, the breach of warranty claims are deficient.

Plaintiff argues that even so, notice requirements for breach of warranty can be waived for "retail sales."  In *Fischer v. Mead Johnson Labs.*, the Second Department held that the notice requirement did not apply to a claim for physical injury stemming from plaintiff's wife's consumption of a contraceptive pill.  *See* 341 N.Y.S. 2d 257, 258-59 (2d Dep't 1973).  In so holding, *Fischer* relied on *Kennedy v. F. W. Woolworth Co.*, 200 N.Y.S. 121 (1st Dep't 1923), which analyzed a "similar provision" of New York law, 341 N.Y.S.2d at 258, because both cases concerned physical injuries from allegedly defective products and thus were "really grounded on tortious elements," 200 N.Y.S. at 122; *see also Silverstein v. R.H. Macy & Co.*, 40 N.Y.S. 2d 916, 920 (1st Dep't. 1943) (finding no notice required in personal injury claim arising out of purchase of chin-up bar).  One federal district court has treated these cases as a "line of New York cases suggesting that the notice requirement does not apply to retail sales."  *Neri v. R.J. Reynolds Co.*, No. 98 Civ. 371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000), and a second has expanded this characterization to state that "notice requirements for breaches of warranty have long been jettisoned in New York state."  *Gavilanes v. Gerber Prods. Co.*, No. 20 Civ. 5558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2021).  The Court respectfully disagrees; to the extent these decisions create an exception to the notice requirement for breach of warranty claims, their reasoning relies on the physical harm suffered by plaintiffs that made their case more like a tort than a contract dispute.  This interpretation is the dominant one.  *See, e.g.*, *Barton*, 535 F. Supp. 3d at 247 n.9; *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667, 685

10

(S.D.N.Y. 2021) ("The pre-suit notice requirement is waived only in cases involving personal injury."); *Warren v. Whole Foods Market Group, Inc.*, 574 F. Supp. 3d 102, 118-19 (E.D.N.Y. 2021) (internal quotation marks omitted) (collecting cases); *Lugones*, 440 F. Supp. 3d at 245 ("The Court agrees with its sister courts' analysis of the New York cases regarding this exception, and finds that it is inapplicable where, as here, Plaintiffs have not alleged any physical or personal injury as a result of Defendant's alleged breach."); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143-44 (E.D.N.Y. 2018) ("Although a minority of New York State cases suggest an exception to the notice requirement in retail sales, the court declines to impose this exception in the instant action, particularly given that the exception appears to be exclusively applied where a party alleges physical, in addition to economic, injury.").  Here, there is no allegation of physical injury, making the retail sales exception inapposite.

Because the FAC fails to plead a sufficient breach of warranty claim under state law, the Magnuson Moss Warranty Act claim fails.  *See Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 586 (S.D.N.Y. 2021) ("[T]he MMWA merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages." (internal quotation marks omitted)); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 167 n.8 (S.D.N.Y. 2021) (dismissing Magnuson Moss Warranty Act claim due to lack of a viable state law warranty claim); *see also Cooper v. Samsung Elecs Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010) (same); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (claims under the MMWA "stand or fall" with "express and implied warranty claims under state law").  Defendant's motion to dismiss the common law and statutory breach of warranty claims is granted.

### C.   Fraud

Plaintiff alleges that Defendant committed common law fraud by not disclosing alternative means of entry to the contests, and by including NPN contests on products where the deadlines for participation had already passed when the products were released.  Federal Rule of Civil Procedure 9(b) requires that when alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . [though] [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Plaintiff's fraud claim fails because the FAC insufficiently pleads the requisite intent.

The FAC's sole allegations of knowledge of the fraud and fraudulent intent state, "Defendant knew of the issues described here yet did not address them" and "Defendant's fraudulent intent is evinced by its knowledge that the Products and NPN contests were not consistent with its representations and contrary to law."  Although it is true that intent may be alleged generally, a plaintiff still must "plead those events which give rise to a strong inference that the defendant had an intent to defraud [and] knowledge of the falsity . . . ."  *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 359 (2d Cir. 2013) (cleaned up); *accord United States ex rel. Tessler v. City of New York*, 712 F. App'x 27, 29 (2d Cir. 2017) (summary order) ("Rule 9(b) permits scienter to be averred generally, but 'we have repeatedly required plaintiffs to plead the factual basis which gives rise to a strong inference of fraudulent intent.'" (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991))).  Plaintiff offers no factual basis and only conclusory statements as to Defendant's state of mind.  *See Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (holding that a court "need not consider conclusory allegations or legal conclusions couched as factual allegations" in deciding a motion

to dismiss (internal quotation marks omitted)).  Courts in this District have dismissed common law fraud claims premised on similar allegations.  *See Gilleo v. J.M. Smucker Company*, No. 20 Civ. 2519, 2021 WL 4341056, at *9 (S.D.N.Y. Sept. 23, 2021) (rejecting as insufficient the allegation that "Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were not true nor accurate"); *Dashnau v. Unilever Manufacturing (US) Inc.*, 529 F. Supp. 3d 235, 250 (S.D.N.Y. 2021) (similar); *Turk v. Rubbermaid Inc.*, No. 21 Civ. 270, 2022 WL 836894, at *13-14 (S.D.N.Y. Mar. 21, 2022) (rejecting as insufficient the allegation that "Defendant's fraudulent intent is evinced by its knowledge that the Products' abilities were not consistent with its representations"); *Barreto v. Westbrae Natural, Inc.*, 518 F. Supp. 3d 795, 808 (S.D.N.Y. Jan. 7, 2021) (rejecting as insufficient the allegation that "Defendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front label when it knew this was not true").

The FAC fails to plead any facts showing the requisite fraudulent intent for a common law fraud claim, even under the standard of Rule 9(b) allowing "intent . . . [to] be alleged generally."  Accordingly, the fraud claim is dismissed.

### D.    Unjust Enrichment

The FAC alleges unjust enrichment, based on Defendant's obtaining benefits from the fact its products "were not fair, nor represented truthfully and in compliance with what the law required, to the detriment and impoverishment of Plaintiff and class members."  While unjust enrichment may be pleaded as an independent claim under New York law, "it is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the

13

plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012). "[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.* Under New York law, "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) (summary order).

This case does not present the unusual situation where an unjust enrichment claim should be allowed to proceed as a matter of equity. Plaintiff asserts conventional contract and tort claims based on the same set of facts. All claims in the FAC are based on the same alleged acts and omissions by Defendant. The FAC's unjust enrichment claim is dismissed as duplicative.

*     *     *

Under Federal Rule of Civil Procedure 15(a), a court "should freely give leave" to amend a pleading "when justice so requires," but leave to amend is properly denied if to do so would be futile. In response to the original complaint, Defendant filed a pre-motion letter describing the legal arguments, supported by case law, as to why the GBL, breach of warranty, fraud and unjust enrichment claims should be dismissed. Those arguments included that the GBL claims lack a New York nexus, that the breach of warranty claims were not preceded by pre-suit notice, that the MMWA claim falls with the state law breach of warranty claims, that the fraud claim fails to plead the requisite intent, and that the unjust enrichment claim is duplicative. In response to Defendant's letter, Plaintiff chose to file an amended complaint, the FAC. Despite being on notice from Defendant's letter, the FAC did not correct the deficiencies listed above, which are the same reasons that the FAC is now dismissed. The Court accordingly finds that any amendment would be futile and **GRANTS** Defendant's motion to dismiss with prejudice.

14

      The Clerk of Court is respectfully directed to close the motion at Docket No. 26 and to close the case.

Dated: January 25, 2023
      New York, New York

                                       LORNA G. SCHOFIELD
                             UNITED STATES DISTRICT JUDGE